UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HUSAAN MUSA, | ) | CASE NO. 1:25-CV-1638 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| SHEILA TURNER-MCCALL, *et al.*, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendants. | ) | |

## I. INTRODUCTION

On September 25, 2025, Defendants Judge Shiela Turner-McCall, Prosecutor Aimee Fanter, and Prosecutor Aqueelah Jordan's (collectively, "Defendants") filed a motion to dismiss *pro se* Plaintiff Husaan Musa's ("Plaintiff") claims against all Defendants pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 5). Plaintiff did not oppose the motion or request an extension of time to do so. Local Rule 7.1(g) authorizes the Court to "rule on unopposed motions without hearing at any time after the time for filing an opposition has expired." Pursuant to Local Rule 7.1(d), "each party opposing a motion must serve and file a memorandum in opposition within thirty (30) days after service of any dispositive motion." The time for filing opposition has long since passed.

Where Plaintiff has not raised arguments by virtue of his failure to oppose a motion to dismiss, those arguments are waived. *See Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008). A district court's power to grant dispositive motions because they are unopposed is firmly settled. *See Caroline's Kids Pet Rescue v. Lake Human Society*, No. 1:17-CV-297, 2022 WL 80320, at *2 (N.D. Ohio Jan. 7, 2022) (citing *Demsey v. R.J. Reynolds Tobacco Co.*, No. 1:04-CV-1942, 2005 WL 1917934, at *2 (N.D. Ohio Aug. 10, 2005)); *Peacock v. Bayview Loan Serv.*, No. 1:05-CV-554, 2005 WL 1277667, at *3 (N.D. Ohio May 26, 2005) (both citing

1

*Cacevic v. City of Hazel Park*, 226 F.3d 483, 492 (6th Cir. 2000)).  However, the Court will briefly address the merits of the motion.

## II.   PROCEDURAL BACKGROUND

Plaintiff filed this civil action to challenge his prosecution in the Cleveland Municipal Court on a charge of aggravated menacing, a first-degree misdemeanor.  *See State of Ohio / City of Cleveland v. Musa*, No. 2023-CRB-005824 (Cleveland Mun. Ct. filed July 27, 2023).  The case was set for trial on July 10, 2025; however, Plaintiff did not appear for trial.  Instead, Plaintiff filed this civil action in the Cuyahoga County Court of Common Pleas on July 8, 2025, against Judge Sheila Turner-McCall and Prosecutors Aimee Fanter and Aqueelah Jordan asserting claims for denial of due process, malicious prosecution, and *Brady* violations.  (*See* ECF No. 1-1).  Plaintiff requested the Common Pleas Court to enjoin his prosecution in the Municipal Court.  (ECF No. 1-1, PageID #4).  Defendants timely removed the case to this federal court and filed a motion to dismiss claiming that they are immune from suit, that Plaintiff failed to state a claim upon which relief can be granted, and that the relief he seeks cannot be granted.  (ECF No. 1; ECF No. 5, PageID #34).

## III.   FACTUAL BACKGROUND

This case stems from a dispute between Plaintiff and Joshua Jackson, Jr.  Plaintiff contends that he was granted a court-issued protection order on July 26, 2023, requiring Jackson to refrain from contacting him, threatening him, or coming near him.  (ECF No. 1-1 at PageID #6).  That order was effective through July 7, 2024.  (*Id.*).  Plaintiff alleges that Jackson violated the protection order the day it was signed by approaching him, threatening him, and attempting to assault him.  (*Id.*).  Plaintiff claims that he has a video of the interaction.  (*Id.*).  Plaintiff claims that instead of charging Jackson with violating the protection order, Plaintiff was charged with aggravated menacing.  (*Id.*).  Jackson had filed two previous aggravated menacing complaints

2

against Plaintiff which were dismissed or found to be unsubstantiated. (*Id.*). Plaintiff states he provided the prosecutors with a copy of the video showing Jackson as the aggressor, and instead of dismissing the charges against Plaintiff, prosecutors filed a motion to exclude it. (*Id.*). The court conducted an emergency hearing on July 1, 2025, ruled in favor of the prosecution, and excluded the evidence. (*Id.*). Plaintiff claims that the suppression of the video denies him due process, and constitutes a violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and *United States v. Bagley*, 473 U.S. 667 (1985). (*Id.* at PageID #7). Plaintiff also asserts claims for malicious prosecution under the Fourth Amendment. (*Id.*). Plaintiff asks this Court to enjoin the criminal proceedings, declare that his constitutional rights were violated, set a hearing on Plaintiff's motion for preliminary injunction, and order the City of Cleveland to permit the introduction of the video evidence. (*Id.* at PageID #8).

## IV. STANDARD OF REVIEW

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the function of the Court is to test the legal sufficiency of the Complaint. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). The Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) clarified the law regarding what the Plaintiff must plead in order to survive dismissal under Rule 12(b)(6).

To determine whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in the light most favorable to Plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555. Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the

speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Iqbal*, 556 U.S. at 677–78, further explained the "plausibility" requirement, stating that "[a] claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The Sixth Circuit has held that a court may consider allegations contained in the complaint, as well as exhibits attached to or otherwise incorporated in the complaint, all without converting a motion to dismiss to a motion for summary judgment. Fed. R. Civ. P. 10(c); *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999).

## V. DISCUSSION

The comity-based abstention doctrine developed in the Supreme Court case of *Younger v. Harris*, 401 U.S. 37 (1971) prevents federal courts from interfering in pending state-court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance "where the danger of irreparable loss is both great and immediate." *Younger*, 401 U.S. at 45. The *Younger* abstention doctrine reflects the strong federal policy against federal interference with state judicial proceedings and promotes the presumption that state courts are equally competent at safeguarding federal constitutional rights. *Id*. *Younger* abstention is not a question of jurisdiction, rather it is based on "strong policies counseling against the exercise of such jurisdiction." *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626

(1986). The *Younger* abstention doctrine may be raised *sua sponte* by a federal court. *O'Neill v. Coughlan*, 511 F.3d 638, 642 (6th Cir. 2008).

When a person is the target of an ongoing state action involving important state interests, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *See Watts v. Burkhart*, 854 F.2d 839, 844–48 (6th Cir. 1988). If the state Defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding. *Id.*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Leveye v. Metro. Pub. Def. Off.*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43–45). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interfere[s] with the legitimate activities of the State[]." *Younger*, 401 U.S. at 44.

All three factors supporting abstention are present. As to the first two requirements, the criminal case is still pending in the Cleveland Municipal Court, and this Court acknowledges that state court criminal matters are of paramount state interest. *See Younger*, 401 U.S. at 44–45. Plaintiff's claims regarding the inclusion or exclusion of evidence at trial go to the heart of the pending state court criminal case. The third requirement of the *Younger* doctrine is that Plaintiff must have an opportunity to assert his federal challenges in the state court criminal proceeding. The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The burden at this point rests on Plaintiff to demonstrate that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14. He does not meet this burden simply by alleging that he raised the claims in the state

proceedings and did not obtain a favorable result. Plaintiff still has an opportunity to present his defense at trial, and to raise his claims on appeal if he is convicted. Thus, the requirements of *Younger* are met, and this action must be dismissed.

## VI. CONCLUSION

Accordingly, Defendants' motion to dismiss is **GRANTED** and this action is **DISMISSED**. The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Date: January 5, 2026

---

**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**